UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHIRLEY SHERROD,<br><br>   Plaintiff,<br><br>   v.<br><br>ANDREW BREITBART, LARRY O'CONNOR, and JOHN DOE,<br><br>   Defendants. | Civil Case No. 11-477 (RJL)<br><br>**FILED**<br>FEB 1 5 2012<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia |

STATEMENT OF REASONS
(February 5, 2012)

Shirley Sherrod ("plaintiff"), former Georgia State Director for Rural Development for the U.S. Department of Agriculture, has filed an action for defamation, false light, and intentional infliction of emotional distress against bloggers Andrew Breitbart and Larry O'Connor ("defendants"). The defendants filed a joint Motion to Dismiss pursuant to the Anti-SLAPP Act of 2010 on April 18, 2011, even though that statute had *not* gone into effect when the plaintiffs filed their suit in February 2011. That motion was not ripe for oral argument until June 3, 2011.[1] Oral argument was held on

---

[1] Unfortunately when defendants' motion was finally ripe on June 3rd for consideration and oral argument, the Court was already in the fourth week of an eight week four defendant Foreign Corrupt Practices Act ("FCPA") trial. And by the time that trial ended on July 7, 2011, the Court had already started and was in the middle of a two week legal malpractice jury trial that did not end until July 13, 2011. Nevertheless, on July 11, 2011, two days *before* the jury returned its verdict in the malpractice case, the Court scheduled the oral argument in the *Sherrod* case for July 19, 2011.

1

July 19, 2011, and this Court dismissed defendants' motion on July 28, 2011.[2] In response to the Court's decision, defendants filed a Notice of Appeal on August 26, 2011. On February 6, 2012, our Court of Appeals remanded the record to this Court for a statement of reasons for the denial of defendants' Motion to Dismiss. In compliance with the Court of Appeals' remand order, the Court issues the following Statement of Reasons in support of its denial of defendants' Motion to Dismiss.

## STATEMENT OF REASONS

Defendants moved to dismiss plaintiff's complaint under the District of Columbia Anti-SLAPP Act of 2010 ("D.C. Anti-SLAPP Act"), D.C. Law 18-351 (March 31, 2011), which provides that a defendant who makes a showing that the claim at issue arises from an act in furtherance of the right to free speech related to an issue of public concern may file a special motion to dismiss. Defendants' motion to dismiss pursuant to this statute, however, fails for three reasons.

First, although plaintiff filed the complaint on February 11, 2011, the D.C. Anti-SLAPP Act did *not* become effective until March 31, 2011—over one month *after* this

---

[2] Believing that the parties would want a ruling as soon as possible on the defendants' "novel" Anti-SLAPP motion, and fully appreciating that our Court of Appeals would be reviewing *de novo* any ruling of this Court if an interlocutory appeal were taken, the Court issued its denial of the motion via minute order on July 28, 2011—nine days after the oral argument. Unfortunately, drafting a memorandum opinion at that time, even though the Federal Rules of Civil Procedure do not require a written opinion when a motion to dismiss is denied, was not a realistic option because the Court was about to start an eighteen week six defendant FCPA trial in September and there was a myriad of legal issues that had to be addressed in the weeks leading up to that trial. Undaunted, defendants predictably filed an "interlocutory appeal" of this Court's order on August 19, 2011, hoping to convince our Court of Appeals, *inter alia*, to somehow apply the Anti-SLAPP statute retroactively.

2

case was filed. *See* Complaint ("Compl."), Ex. B to Notice of Removal, Mar. 4, 2011; Defs.' Mem. in Support of Mot. to Dismiss under D.C. Anti-SLAPP Act ("Defs.' Mot.") at 1, Apr. 18, 2011. The D.C. Court of Appeals, let alone our Circuit Court, has never held—nor have defendants cited any cases from any jurisdiction that hold—that the D.C. Anti-SLAPP Act is retroactive.

To the contrary, the D.C. Court of Appeals has held that only statutes that are purely procedural can be applied retroactively, whereas statutes that are not readily categorized as either procedural or substantive, or would have substantive consequences, cannot without a clear legislative showing of retroactive intent. *See Bank of Am., N.A. v. Griffin*, 2 A.3d 1070, 1076 (D.C. 2010); *Montgomery v. District of Columbia*, 598 A.2d 162, 166 (D.C. 1991); *Wolf v. District of Columbia Rental Accomodations Comm'n*, 414 A.2d 878, 880 n.8 (D.C. 1980). Here, defendants' own briefs and the legislative history make clear that the D.C. Anti-SLAPP Act is substantive. Defendants quote from the report of the Council on the District of Columbia Committee on Public Safety and the Judiciary, Report on Bill 18-893, Anti-SLAPP Act of 2010 (Nov. 18, 2010) (the "Committee Report") that the D.C. Anti-SLAPP Act is designed, in part, to "*incorporate substantive rights* that allow a defendant to more expeditiously, and more equitably, dispense of a SLAPP." Defs.' Mot. at 6. Indeed, the first sentence of the Committee Report emphasizes the legislative intent to create new substantive rights for defendants in SLAPP suits: "Bill 18-893, the Anti-SLAPP of 2010, *incorporates substantive rights* with regard to a defendant's ability to fend off lawsuits filed by one side of a political or public policy debate aimed to punish or prevent the expression of opposing points of

3

view."[3] Committee Report at 1. Because the statute is substantive—or at the very least, has substantive consequences—and there is no clear legislative intent of retroactivity, defendants' motion must be denied.[4]

Second, even if defendants could show that the D.C. Anti-SLAPP Act is purely procedural, the *Erie* doctrine bars its application in federal court. The *Erie* doctrine requires federal courts sitting in diversity to apply state substantive law and federal procedural law, thus barring the application of the D.C. Anti-SLAPP Act in this Court.[5] *See Erie v. Tomkins*, 304 U.S. 64 (1938). As the plaintiff has astutely pointed out, by bringing a motion based on a statute that was not in effect at the time of the filing of this

---

[3]  Indeed, although only informative, the Ninth Circuit has recognized California's anti-SLAPP statute—a "well-developed Anti-SLAPP statute, *see* Defs.' Mot. at 2—to be substantive. *See Batzel v. Smith*, 333 F.3d 1018, 1025-26 (9th Cir. 2003).

[4]  Further, the statutory text of the D.C. Anti-SLAPP Act supports the conclusion that the statute is substantive. At the motion to dismiss stage, the statute shifts the burden of proof to the plaintiff to show her claims are likely to succeed. *See* D.C. Law 18-351 § 3(b); Defs.' Mot. at 7 ("Unlike in the Rule 12(b)(6) Motion—where Sherrod is entitled to certain inferences—here, Sherrod bears the burden of demonstrating that her claims are likely to succeed."). Other courts have found that the allocation of the burden of proof is substantive. *See Godin v. Schencks*, 629 F.3d 79, 89 (1st Cir. 2010) ("And it is long settled that the allocation of burden of proof is substantive in nature and controlled by state law."). Further, where a statue provides provisions for attorneys' fees and costs for the prevailing party—as the D.C. Anti-SLAPP provides—other courts have held that such statutory provisions are substantive in nature. *See id.* at 85 n.10; *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971-72 (9th Cir. 1999).

[5]  Indeed, courts that have found other states' anti-SLAPP statutes to be purely procedural have not applied the statutes when sitting in diversity. *See Turkowitz v. Town of Provincetown*, No. 10-10643-NMG, 2010 WL 5583119, at *2 (D. Mass. Dec. 1, 2010) (holding that a purely procedural act does not apply in federal courts); *The Saint Consulting Group, Inc. v. Litz*, No. 10-10990-RGS, 2010 WL 2836792, at *1 (D. Mass. July 19, 2010) ("[T]he Anti-SLAPP Statute is procedural in nature and therefore does not apply in a federal court proceeding.").

4

case, defendants "have created a Catch-22 for themselves: *either* the statute is partially substantive (or has substantive consequences) and is therefore not retroactive under D.C. law *or* it is purely procedural and inapplicable in federal court under *Erie*." Pl.'s Mem. in Support of Opp'n to Defs.' Mot. to Dismiss Under D.C. Anti-SLAPP Act ("Pl.'s Mot.") at 2, May 19, 2011.

Finally, even assuming *arguendo* that defendants could show that the D.C. Anti-SLAPP is both retroactive and applicable in federal court, this type of special motion is barred under the plain language of the statute. Under the statute, "[a] party may file a special motion to dismiss any claim arising from an act in furtherance of the right of advocacy on issues of public interest within 45 days after service of the claim." D.C. Law 18-351 § 3(b). Here, the complaint was filed on February 11, 2011, and served on February 12, 2011. *See* Pl.'s Mot. at 13. Thus, defendants had until March 30, 2011— forty-five days after service of the claim—to file their special motion to dismiss. Defendants, however, did not timely file this motion. Instead, defendants filed the motion on April 18, 2011—more than two weeks after the deadline. *See* Defs.' Mot. Defendants' motion is untimely and, therefore, procedurally defaulted. *See Blumenthal v. Drudge*, Civ.A. 97-1968, 2001 WL 587860 (D.D.C. Feb. 13, 2001) (holding that defendant's special motion to dismiss under the California anti-SLAPP statute to be procedurally defaulted because it was not filed within the 60-day deadline provided in the statute).

Accordingly, for all of the above reasons, the Court DENIED defendants' Motion to Dismiss Under the D.C. Anti-SLAPP Act. Regrettably, it appears that the defendants

5

will not be satisfied with this Court's ruling until a considerable amount of additional judicial and litigant resources are expended on its "novel," if not overreaching, motion.

*/s/ Richard J. Leon*
RICHARD J. LEON
United States District Judge