UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHIRLEY SHERROD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civ. A. No. 11-00477 (RJL) |
| v. ) | |
| ) | |
| ANDREW BREITBART *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF SHIRLEY SHERROD'S
MOTION FOR SUBSTITUTION OF DECEASED
DEFENDANT ANDREW BREITBART**

Pursuant to Federal Rule of Civil Procedure 25(a)(1), Plaintiff Shirley Sherrod respectfully moves to substitute "Susannah Breitbart, as successor to Andrew Breitbart, Deceased" in place of now-deceased Defendant Andrew Breitbart. In support of the Motion, Plaintiff states as follows:

1. On February 11, 2011, Plaintiff Shirley Sherrod filed this lawsuit in the Superior Court of the District of Columbia against Andrew Breitbart, Larry O'Connor, and a person indentified in the Complaint as JOHN DOE, alleging claims for defamation, false light invasion of privacy, and intentional infliction of emotional distress. On March 4, 2011, Defendants Breitbart and O'Connor filed a Notice of Removal [Dkt. 1] to this Court.

2. Although a formal suggestion of death was never made on the record in this Court, Plaintiff believes based on media reports that Mr. Breitbart passed away on March 1, 2012.

3. Responding to the Court's inquiries on the status of any estate regarding Mr. Breitbart, on October 31, 2012, Mr. Breitbart's former counsel represented to the Court that

"[n]o estate has been opened; and, there are no pending or imminent plans to open an estate for Mr. Breitbart." Oct. 31, 2012 Report [Dkt. 60]. Mr. Breitbart's former counsel did not identify to the Court a representative or successor who may be substituted as a party.

4. On June 25, 2013, the D.C. Circuit affirmed this Court's ruling denying Defendant's motion to dismiss under the D.C. Anti-SLAPP Act. [D.C. Cir. # 1443072]. The mandate issued on August 6, 2013. [Dkt. 64].

5. On September 4, 2013, Mr. Breitbart's former counsel served a letter on Plaintiff's counsel stating that "[w]e have confirmed with counsel for Mr. Breitbart's widow, Ms. Susannah Breitbart, that no estate has been opened for or with regard to Mr. Breitbart; and, thus, no executor, trustee, successor, or other legal representative has been appointed to administer Mr. Breitbart's post-mortem affairs." The letter further provided that the "heirs of / successors to" Mr. Breitbart are Ms. Susannah Breitbart and her four minor children.

6. Plaintiff's lawsuit against Mr. Breitbart was timely filed, survives his death, and may be continued against his successor. *See* D.C. Code § 12-101; *Sinito v. United States Dep't of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999); *McSurely v. McClellan*, 753 F.2d 88, 98-99 (D.C. Cir. 1985) (holding spouses of decedents were "proper parties" for substitution); *see also* Cal. Probate Code § 13550 ("Except as provided in Sections 11446, 13552, 13553, and 13554, upon the death of a married person, the surviving spouse is personally liable for the debts of the deceased spouse chargeable against the property described in Section 13551 to the extent provided in Section 13551."); *Estate of Bonanno v. Connolly*, 165 Cal. App. 4th 7, 20 (2008) ("[A] surviving spouse who receives a decedent's property without administration becomes personally liable or decedent's debts chargeable against such property, within limits.").

7. At the September 11, 2013 status conference, the Court requested that Plaintiff submit her motion for substitution by September 18, 2013.  Counsel for Defendant O'Connor provided copies of two insurance policies to Plaintiff on September 13, 2013, and Plaintiff has inquired further about the amount of coverage remaining.  Plaintiff reserves her right to amend this request as discovery proceeds and additional information comes to light, including with respect to any insurance agreements concerning a possible judgment against Mr. O'Connor or Mr. Breitbart (or Mr. Breitbart's heirs, successors, or estate) in this matter.

8. Pursuant to Local Rule 7(m), Plaintiff has conferred with counsel for Mr. O'Connor regarding this motion.  Counsel for Defendant O'Connor advised that he is not able to take a position on the relief requested at this time.

Dated:  September 18, 2013

Respectfully submitted,

/s/ Thomas A. Clare, P.C.
Thomas D. Yannucci, P.C. (D.C. Bar #358989)
Michael D. Jones (D.C. Bar #417681)
Thomas A. Clare, P.C. (D.C. Bar #461964)
Beth A. Williams (D.C. Bar #502522)
Peter A. Farrell (D.C. Bar # 975579)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Tel: (202) 879-5000
Fax: (202) 879-5200
thomas.yannucci@kirkland.com
michael.jones@kirkland.com
thomas.clare@kirkland.com
beth.williams@kirkland.com
peter.farrell@kirkland.com

*Attorneys for Plaintiff*