# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHIRLEY SHERROD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. A. No. 11-00477 (RJL) |
| ) | |
| ANDREW BREITBART *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR AND MEMORANDUM IN SUPPORT OF
## AGREED PROTECTIVE ORDER

WHEREAS, Plaintiff Shirley Sherrod and Defendants Larry O'Connor and Susannah Breitbart, as successor to Andrew Breitbart, Deceased,[1] collectively "the Parties" and individually a "Party," agree that certain documents, testimony, and information to be provided or produced in the above-captioned action (the "Action") may contain confidential information (as defined below), the unrestricted disclosure of which would be detrimental to legitimate confidential business or personal privacy interests; and

WHEREAS, the Parties seek an Order governing the procedures and protections to be accorded documents, testimony, and information provided or produced in this Action;

IT IS HEREBY AGREED that:

---

[1] Defendant John Doe is not a party to this Protective Order.

**Scope of Protective Order**

1. As contemplated by the Parties in the Joint Meet-And-Confer Statement and Proposed Scheduling Order, Dkt. 81, this Agreed Protective Order ("Protective Order") supplements, but does not supersede, the protective order regarding John Doe that was entered by this court on September 16, 2013 (Dkt. 67) ("Doe Protective Order").

2. Pursuant to this Protective Order, a Party or producing non-party ("Designating Party") may designate as "Confidential" any materials produced or obtained by the Designating Party in the course of the Action that the Designating Party believes in good faith satisfies the definition of "Confidential" as referenced in this Protective Order. This Protective Order shall be subject to all applicable rules governing protective orders, including without limitation the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Columbia.

**"Confidential" Litigation Materials**

3. This Protective Order shall be applicable to and govern "Litigation Materials," which means all discovery materials (including without limitation documents, interrogatory answers, responses to requests for admissions, deposition transcripts or recordings, testimony, exhibits, affidavits, and declarations) produced by or obtained from any Party or non-party in the course of the Action.

4. The term "Confidential" as used in this Protective Order means Litigation Materials that a Designating Party believes in good faith constitute, contain, and/or would disclose non-public sensitive business, proprietary, commercial, personal, or financial information of a Designating Party; or information that the Designating Party is under a duty to preserve as

confidential under (i) an adopted rule of professional conduct, (ii) a confidentiality agreement with a third party, (iii) a court or administrative order or agreement settling litigation, or (iv) any applicable state or federal law.

5. A Designating Party designating material as "Confidential" must take care to designate only those Litigation Materials that qualify as "Confidential" and if it comes to a Designating Party's attention that information or items that it designated for protection do not, or no longer, qualify for protection, or do not qualify for the level of protection initially asserted, that Designating Party must notify all other Parties that it is withdrawing the designation.  No Designating Party shall assert blanket confidentiality designations to productions, and mass, indiscriminate, or routine designations are prohibited.

6. The restrictions set forth herein shall not apply to information that (a) was, is, or becomes public knowledge, not in violation of this Protective Order; or (b) was lawfully possessed prior to entry by the Court of this Protective Order and is not subject to the Doe Protective Order.

7. Litigation Materials designated as "Confidential" shall be referred to herein collectively as "Designated Materials."

## Use and Designation of Litigation Materials

8. Designated Materials shall only be used by the Parties and their counsel for the purpose of the prosecution or defense of this Action, including preparing for and conducting pre-trial, trial, and post-trial proceedings ("Permissible Uses") and shall not be used for any other purpose except upon written consent of the Designating Party.

9. The designation of Litigation Materials as "Confidential" shall be made in the following manner:

(a) In the case of documents or other written materials (apart from deposition transcripts): by affixing (without obscuring or defacing the document) the legend "Confidential" to each page containing any "Confidential" material, or if impracticable, by otherwise indicating via cover letter or other written communication by the Designating Party that the specified materials are "Confidential"; and

(b) In the case of depositions, including any exhibits introduced or discussed during such deposition or other pre-trial testimony: by written notice, sent by counsel for the Designating Party to all Parties within thirty (30) days after receiving a copy of the electronic transcript thereof, listing the specific pages and lines of the transcript that should be treated as "Confidential" and such notation shall be affixed to each copy of the transcript in the possession, custody, or control of the Parties to the litigation who are permitted access to such Designated Materials pursuant to this Protective Order, as applicable. All deposition materials, including transcripts, recordings, and exhibits, shall be treated as Confidential, until the time for written notice expires, and thereafter, if written notice is given. A Designating Party shall designate specific portions of deposition transcripts and/or recordings as "Confidential" only if it believes in good faith that such material satisfies the criteria specified in paragraphs three (3) through six (6) above. If a Designating Party claims that any deposition exhibit is "Confidential," the Parties shall have the opportunity to meet and confer about the specific information contained therein which is "Confidential," and the Party marking the document as an

exhibit shall have the opportunity to submit a redacted document, if possible, so as to avoid a "Confidential" designation.

10. Nothing in this Protective Order affects the rights of the Designating Party that produced and designated as "Confidential" the Designated Materials to use or disclose the Designated Materials it produced in any way. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties or their attorneys to use or disclose the Designated Materials in violation of the Protective Order, unless they become unprotected or their designation is withdrawn or successfully challenged pursuant to this Protective Order.

**Authorized Recipients of Designated Materials**

11. Designated Materials or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated only to the following "Authorized Recipients":

    (a)    The Court;

    (b)    Court personnel, mediators, special masters, discovery referees, and court reporters and videographers recording testimony in this Action;

    (c)    Counsel for the named parties in this action and employees of such counsel to whom it is necessary that the Designated Materials be shown for purposes of the prosecution or defense of this Action;

    (d)    The Parties, in connection with Permissible Uses;

(e) Any insurers or auditors of a Party to whom it is necessary that the Designated Materials be shown for the purposes or insurance and/or auditing;

(f) Any consultant or expert or contractor and employee of such consultant, expert, or contractor, assisting counsel in this Action who has executed and agreed to abide by the Acknowledgment and Agreement To Be Bound attached to this Protective Order as Exhibit A;

(g) Witnesses or deponents (and their counsel) during the course of, and to the extent necessary in preparation for, testimony or for purposes of obtaining an affidavit or certification in this Action;

(h) Employees of copying, imaging, electronic discovery, and computer services vendors retained by a Party for the purpose of copying, imaging, processing or organizing documents;

(i) The author, addressees, and recipients of the Designated Materials and any other party expressly referred to in the Designated Materials;

(j) Any other person upon the prior written agreement of the Party who designated the Litigation Materials as "Confidential" (which agreement may be recorded in a deposition or other transcript) or upon order of the Court.

12. If any Party wishes to disclose Designated Materials produced by any other Designating Party to any expert or consultant, the expert or consultant must execute and agree to abide by the Acknowledgment and Agreement To Be Bound attached to this Protective Order as

Exhibit A. Nothing in this Protective Order shall require that a non-testifying expert or consultant be deposed or otherwise be the subject of discovery.

13. Those subject to this Protective Order shall take all steps reasonably necessary to advise any person to whom Designated Materials may be disclosed of the terms of this Protective Order.

14. A file shall be maintained by the law firm of record for each Party of all written Acknowledgments and Agreements To Be Bound executed by a person who has received Designated Materials from that Party or persons affiliated with that Party. Upon a showing of good cause, the law firm of record for a Party shall provide a requesting Party a copy of all written Acknowledgements and Agreements to Be Bound executed by a person who has received Designated Materials from that Party or person affiliated with that Party.

**Filing of Designated Materials**

15. Pursuant to this Court's Local Civil Rules:

> Absent statutory authority, no case or document may be sealed without an order from the Court. A document filed with the intention of it being sealed in an otherwise public case must be filed by electronic means in a manner authorized by the Clerk and shall be accompanied by a motion to seal. The document will be treated as sealed, pending the outcome of the ruling on the motion. Failure to file a motion to seal will result in the document being placed on the public record. Local Civ. R. 5.1(h).

16. Accordingly, a Party intending to file with the Court any document containing or reflecting Designated Materials designated as "Confidential" by another Designating Party, shall

provide notice of its intentions to that other Designating Party at least three (3) business days[2] before filing such information to allow the Designating Party an opportunity to file a motion to seal.  The Party providing such notice shall have no obligation to disclose the purpose for which it intends to use the Designated Materials outside of the ordinary meet and confer requirements set forth by the applicable rules and orders governing this Action.  In the event that a Party identifies Designated Materials designated by the Designating party that it intends to file with the Court less than three (3) business days prior to so filing or if the Court has not yet ruled on a pending motion to seal, the filing Party shall omit the Designated Materials from its filing and note in its filing that Designated Materials have been temporarily omitted.  Any Designating Party seeking sealed treatment of the Designated Materials omitted from the filing shall then have three (3) business days from the submission of the filing to file a motion to seal the omitted Designated Materials.  If no Designating Party files a motion to seal the omitted Designated Materials within three (3) business days of the filing omitting the Designated Materials, the Party that omitted the Designated Materials from its document may file the Designated Materials in the public record as a supplement to the original filing.  No Party shall include Designated Materials or excerpts thereof in an unsealed court filing without following the procedures above, or while a motion to seal those Designated Materials is pending.

17. Any Designated Materials that are to be used or filed with the Court in this Action, and any pleading or other paper containing Designated Materials, shall be lodged with the Court consistent with the Federal Rules of Civil Procedure and this Court's Local Civil Rules.

---

[2] For the purposes of this Protective Order, any time period listed in "days" shall be calculated according to the procedures provided in Federal Rule of Civil Procedure 6.

**Resolution of Disputes Over Confidentiality Designations**

18. The Designating Party designating any Litigation Materials as "Confidential" shall, in the first instance, determine in good faith whether those materials constitute "Confidential" information covered by this Protective Order.  A Party may object in good faith to such designation at any time.  A failure of any Party to expressly challenge a designation shall not constitute a waiver of the right to assert at a subsequent time that a designation is not in fact "Confidential" or not an appropriate designation for any reason.

19. In the event that any Party disagrees with another Designating Party's designation, the objecting Party shall make an objection in writing to the Designating Party with a copy of the objection to all Parties.  If the dispute cannot be resolved, the objecting Party may then seek appropriate relief from the Court, giving notice to all Parties.  Any Litigation Materials, the designation of which is subject to such dispute, shall be treated as originally designated and subject to the protection of this Protective Order, pending resolution and a determination by the Court or agreement to the contrary.

**Hearings and Trial**

20.  Before the trial begins, the Parties will meet and confer in good faith as part of the pre-trial conference statement process to put into place a procedure for identification of and use of Designated Materials at trial.  Any Litigation Materials which remain "Confidential" before trial shall maintain their status at trial, subject to paragraphs eighteen (18) and nineteen (19) of this Protective Order.  If the Parties cannot reach agreement on a procedure, any Party may seek appropriate court orders concerning the handling of Designated Materials at trial or during evidentiary hearings.

**Inadvertent Disclosure and Production**

21. In the event that Designated Materials are disclosed to anyone who is not an Authorized Recipient under this Protective Order, the attorney of record for the Party or non-party involved shall, immediately upon learning of the disclosure, give notice to the attorney of record for the Designating Party who designated the Designated Materials as "Confidential" and shall describe (i) the circumstances surrounding the unauthorized disclosure and (ii) the steps taken to remedy the disclosure and minimize the potential harm from the disclosure.  The attorney shall also use good faith and reasonable efforts to retrieve any improperly disclosed materials and to have such unauthorized person sign an Acknowledgment and Agreement To Be Bound attached to this Protective Order as Exhibit A.

22. In the event that any Designating Party inadvertently produces Litigation Materials that it determines to be "Confidential" without designating them as such, that Designating Party may provide written notice demanding that the inadvertently produced Litigation Materials and all copies thereof either be returned within three (3) days of receipt of written notice or handled by the receiving Party as if stamped with the appropriate designation.  The producing Designating Party will provide replacement images with the appropriate stamp within seven (7) days of receipt of the written notice.  The receiving Party shall comply with the demand, but may challenge the claim of confidentiality as provided elsewhere in this Protective Order.

23. In the event that a producing Designating Party determines that an inadvertent production of privileged material has occurred, the following steps shall be taken:

(a) The producing Designating Party shall provide a Notice of Inadvertent Production to the receiving Parties. The notice shall identify the inadvertently produced materials and the nature of the privilege or other protection asserted.

(b) Upon receipt of a Notice of Inadvertent Production, the receiving Parties shall immediately prohibit all paper or electronic access, review, or use of the original copy of the inadvertently produced material and shall also immediately destroy all copies (*i.e.*, versions other than the original) of the inadvertently produced material, including (but not limited to) hard or paper copies of the inadvertently produced material and any summaries or extracts thereof.

(c) Within five (5) days after the initial Notice of Inadvertent Production, the producing Designating Party shall provide a replacement copy of the inadvertently produced material in the same or similar format as it was initially produced, either redacting the inadvertently produced privileged material or providing a blank record as a replacement for the inadvertently produced privileged material. The replacement copy shall not otherwise alter, affect, delete or in any way change any other data or documents (i.e., those not subject to the Notice of Inadvertent Production) contained on the media that provided the original copy of the inadvertently produced privileged material. The producing Designating Party must also provide a privilege log reflecting the nature of the material, the claim of privilege, and the grounds upon which the claim of privilege is based.

(d) Upon receipt and access to the replacement copy, the receiving Parties shall return the original copy of the inadvertently produced privileged material to the producing Designating Party. Such return shall not preclude the receiving Parties from

seeking to compel production of the material for reasons other than its inadvertent production and shall not constitute an admission by a receiving Party that the material was in fact privileged or protected from disclosure in any way.  In bringing a motion to compel regarding alleged inadvertently produced privileged information, the receiving Party shall not use or refer to the contents of the alleged inadvertently produced privileged material beyond the information present in the privilege log, including information learned from reviewing the inadvertently produced material before receiving the Notice of Inadvertent Production.

24. In the event that a receiving Party becomes aware (or has a good faith reason to believe) that an inadvertent production of privileged information has been made, it shall promptly notify the producing Designating Party.  The producing Designating Party may then follow the procedure outlined above.

**Subpoenas or Demands in Other Actions**

25. If any Party is (1) subpoenaed in another action, (2) served with a demand in another action to which it is a party, or (3) served with any other civil investigative demand or legal process by one not a party to this Action, seeking the production of Designated Materials marked or treated as "Confidential" by someone other than that Party (a "Discovery Request"), the Party receiving the Discovery Request shall give prompt written notice, within ten (10) days of receipt of such Discovery Request, to the Designating Parties who designated the Litigation Materials "Confidential," and shall not disclose any Designated Materials in response thereto without first providing the Designating Parties a reasonable opportunity to seek appropriate protective treatment or other relief.

26. It shall be the obligation of the Designating Party to obtain an order from an appropriate Court to preclude or restrict production of any Designated Materials.  Nothing herein shall be construed as requiring a Party or anyone else covered by this Protective Order to challenge or appeal any order requiring the production of information or material covered by this Protective Order, or to subject itself to any penalties for non-compliance with any legal process, or order, or to seek any relief from this Court.  The Party receiving the Discovery Request shall continue to abide by the terms of this Protective Order and maintain the confidentiality of any Designated Material sought by the Discovery Request unless and until either (a) the Designating Party consents to the production of the Designated Material pursuant to the Discovery Request, (b) the Party receiving the Discovery Request is directed to produce the Designated Material by a Court having competent jurisdiction over the dispute and the parties thereto, or (c) the Designating Party has failed to obtain an order from the appropriate Court to preclude or restrict production of any requested Designated Material pursuant to the Discovery Request by the date for compliance stated in the Discovery Request.

## Termination of Proceedings

27. Within one hundred and twenty (120) days following termination of the Action or any related action (including the final resolution of any appeals), counsel for the Parties shall certify that the original and all copies of Litigation Materials in its possession have either been returned to the Designating Party who produced such documents, or have been destroyed. Notwithstanding the foregoing, each Party may retain a copy of all Court filings, discovery requests, expert reports, hearing, deposition and trial transcripts and recordings thereof, attorney work product, and exhibits containing Designated Material subpoenaed or produced in

accordance with this Protective Order, provided that counsel continues to treat all Designated Materials in the manner provided in this Protective Order.

28. All Parties to the Action, including any Designating Party, shall remain bound by this Protective Order, and the United States District Court for the District of Columbia shall retain jurisdiction to enforce this Protective Order even after the termination of this Action.

29. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any Party or third party to contest the alleged relevancy, admissibility, or discoverability of any documents or information sought.  Nor shall this Protective Order preclude any Designating Party from applying to the Court for any modification of the terms provided herein, as it may deem appropriate under the circumstances; provided that prior to such application, those involved shall make a good faith effort to resolve the matter by agreement.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge

Dated: _____

## **EXHIBIT A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Agreed Protective Order that was issued by the United States District Court for the District of Columbia in the case entitled *Sherrod v. Breitbart,* et al, No. 1:11-cv-00477 (RJL). I agree to comply with and to be bound by all the terms of the Agreed Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Agreed Protective Order to any person or entity except in strict compliance with the provisions of the Agreed Protective Order. I further agree to submit to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcing the terms of the Agreed Protective Order, even if such enforcement proceedings occur after termination of this action.

      Date:                    _____

      City and State:      _____

      Printed Name:      _____

      Signature:             _____

Dated: January 13, 2014

Respectfully submitted,

/s/ Thomas A. Clare, P.C.
Thomas D. Yannucci, P.C. (D.C. Bar #358989)
Michael D. Jones (D.C. Bar #417681)
Thomas A. Clare, P.C. (D.C. Bar #461964)
Beth A. Williams (D.C. Bar #502522)
Peter A. Farrell (D.C. Bar #975579)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
thomas.yannucci@kirkland.com
michael.jones@kirkland.com
thomas.clare@kirkland.com
beth.williams@kirkland.com
peter.farrell@kirkland.com

*Attorneys for Plaintiff Shirley Sherrod*

/s/ Mark I. Bailen
Bruce W. Sanford (D.C. Bar #356568)
Mark I. Bailen (D.C. Bar #459623)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, NW, Suite 1100
Washington, DC 20036
Telephone: 202-861-1500
Facsimile: 202-861-1783
bsanford@bakerlaw.com
mbailen@bakerlaw.com

*Attorneys for Defendant Larry O'Connor*

/s/ Eric A. Dubelier
Harrison J. Dossick (*pro hac vice*)
Eric A. Dubelier (D.C. Bar #419412)
Daniel Z. Herbst (D.C. Bar #501161)
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, DC 20005
hdossick@reedsmith.com
edubelier@reedsmith.com
dherbst@reedsmith.com

*Attorneys for Defendant Susannah Breitbart, as successor to Andrew Breitbart*