UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHIRLEY SHERROD,<br><br>    Plaintiff,<br><br>v.<br><br>SUSANNAH BREITBART, ET AL.,<br><br>    Defendants. | Case No. 1:11-cv-00477 (RJL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LARRY O'CONNOR'S MOTION TO ENFORCE THE DEPOSITION SUBPOENAS TO KRYSTA HARDEN AND CHERYL COOK AND REQUIRE PRODUCTION OF CERTAIN USDA HEADQUARTERS EMAILS**

**INTRODUCTION**

The Department of Justice informed the Court on Friday that it intends to appeal to the D.C. Circuit this Court's June 9 order denying the motion to quash the subpoenas to Secretary Thomas J. Vilsack.  In light of the inevitable delay that will result from this appeal and the Court's stated desire to move this case along, with which Defendants agree, Defendants advised the Government that they wished to proceed with the depositions of two key advisors to Secretary Vilsack – Krysta Harden and Cheryl Cook – who had been subpoenaed last month on May 14, 2014.  This motion is necessary because the Department of Justice accepted service of the subpoenas but has refused to make the witnesses available for deposition.

Both Ms. Harden (who was traveling with Secretary Vilsack when Shirley Sherrod tendered her resignation and provided him information and counsel regarding Mrs. Sherrod's speech) and Ms. Cook (who supervised Mrs. Sherrod and communicated directly with her regarding her termination) have firsthand knowledge relating to Mrs. Sherrod's termination.

Their testimony will help move discovery forward and provide critical information regarding a key issue in the case – including what information Secretary Vilsack had been given before he demanded Mrs. Sherrod's resignation on July 19, 2010 – while the Government continues litigation in the D.C. Circuit regarding the Secretary's deposition.  Indeed, the information obtained in their depositions will help focus the issues for the Secretary's deposition.  Further, because neither is a Cabinet Secretary, the concerns raised by the Government relating to depositions of high-ranking government officials are not present here.

In addition, to keep things moving while the Government pursues its appeal, the USDA should be ordered to continue the production of emails that it began earlier this month.  To minimize burden, the USDA can prioritize its search so that the next set of emails produced are those sent and received by six key headquarters staff members, including Ms. Harden and Ms. Cook.  The USDA can conduct the searches using the same limited date range and search terms as was done for Secretary Vilsack's emails.  As the incomplete document production demonstrates, key information was passed among the staff via email, and then presented to Secretary Vilsack either orally by telephone or in person (by Ms. Harden).  Only a very limited amount of information was sent to the Secretary directly by email.[1]

Accordingly, the Court should order that Krysta Harden and Cheryl Cook appear for deposition at a mutually convenient date and time within 21 days of the Court's order and that within 14 days of the Court's order, the USDA shall produce the emails of the headquarters staff based on the searches using the same search terms as before.

---

[1] For this reason, the statement by counsel for the Government at the June 9, 2014 hearing that it's only "the e-mails that went to [the Secretary's] mailboxes … [that] are relevant here" is demonstrably false.  Nor is there any basis for counsel's incredible claim that "what went to somebody else, what somebody said to him, that's not really relevant."  His statements ignore or, at a minimum, fundamentally misunderstand, the documents that his clients – the USDA and the White House – have produced in the case.

## BACKGROUND

### A. Krysta Harden

Ms. Harden served as the Assistant Secretary for Congressional Relations at the time of Mrs. Sherrod's ouster.[2] She was traveling in Ohio with Secretary Vilsack on July 19, 2010, and the emails that have been produced thus far demonstrate that she was communicating critical information between USDA headquarters staff and the Secretary in the hours leading up to Mrs. Sherrod's resignation. Just after 2:30 p.m. Eastern on July 19, 2010, as news of Mrs. Sherrod's March 27, 2010 speech to a Coffee County, Georgia NAACP audience began to make its way around USDA headquarters, Ms. Harden received an email with a link to a blog post on HotAir.com that referenced Andrew Breitbart's Blog Post[3] and linked to the video embedded in the Blog Post.[4] Ms. Harden immediately responded to the email, advising that the agency should exercise caution: "We need to make sure someone has seen the video. I am quick to jump to conclusions but want to be certain it is what is said to be before I tell the Secy."[5] When the USDA's Director of Communications responded that she had reviewed the video, Ms. Harden then replied at 3:16 p.m. that she would "talk to the Secy right after this stop."[6] After speaking with Secretary Vilsack, Ms. Harden told the Secretary's Deputy Chief of Staff Carole Jett that the Secretary ordered Mrs. Sherrod be placed on administrative leave immediately.[7]

---

[2] She is now serving as Deputy Secretary of Agriculture.
[3] On the morning of July 19, 2010, BigGovernment.com published a blog post containing two video excerpts of a speech given by Mrs. Sherrod, who was then serving as the Director of Rural Development for Georgia at the USDA, along with commentary by Andrew Breitbart expressing his opinions about her speech (the "Blog Post").
[4] *See* FOIA_000912. All documents produced pursuant to a FOIA request and cited herein with Bates-stamped numbers beginning with "FOIA" are attached at Exhibit A and referred to herein by their Bates-stamp numbers.
[5] FOIA_000912.
[6] FOIA_000912.
[7] FOIA_001345; Complaint at ¶¶ 74-77.

Over the next day, Ms. Harden continued to pass information back and forth between and among the Secretary, the USDA headquarters staff, Congress, and the White House. Among other things, Ms. Harden coordinated and was present for conversations regarding Mrs. Sherrod between the Secretary and White House Chief of Staff Rahm Emanuel, and between the Secretary and members of the Congressional Black Caucus, including Congressmen James Clyburn and Sanford Bishop.[8]

### B.     Cheryl Cook

In July 2010, Ms. Cook was USDA Deputy Undersecretary of Rural Development and was Mrs. Sherrod's direct supervisor.[9] Mrs. Sherrod has stated that she "alerted Cheryl Cook to the problem" about the video "well before" July 19, 2010.[10] The emails that have been produced confirm that on July 14, 2010 – four days *before* publication of the July 19, 2010 Blog Post on BigGovernment.com – Mrs. Sherrod emailed Mrs. Cook's special assistant, Abebe Yeshimebet, to explain that she had ultimately helped the white farmer and that the incident occurred in 1986.[11] During the afternoon of July 19, 2010, Ms. Yeshimebet forwarded to Ms. Cook a separate email from Mrs. Sherrod where she claimed that her "words were taken out of context." Nevertheless, just after 3:30 p.m. on July 19, 2010, Ms. Cook received an email from Ms. Harden (presumably passing along a directive from Secretary Vilsack) to put Mrs. Sherrod on administrative leave.[12] Ms. Cook contacted Mrs. Sherrod, who was traveling in Georgia at the

---

[8] *See, e.g.*, FOIA_001025; FOIA_001029; FOIA_001039; FOIA_001489; FOIA_001583; FOIA_001585; FOIA_001586; FOIA_001698; FOIA_002880; FOIA_002914; FOIA_002989; FOIA_002990; FOIA_002991; FOIA_003029.
[9] Ms. Cook now serves as Chief Information Officer at the USDA. In her role as Chief Information Officer, Ms. Cook would likely be overseeing the collection of documents pursuant to the subpoenas *duces tecum* Mrs. Sherrod and Mr. O'Connor have issued to the USDA.
[10] Shirley Sherrod, *A Courage to Hope* (Atria 2012) (the "Sherrod Book") at 148.
[11] *See* FOIA_001094; FOIA_001095; FOIA_001096; FOIA_001098.
[12] FOIA_001345; Compl. at ¶¶ 74-77.

time, on her cell phone.[13] According to Ms. Cook, she put Mrs. Sherrod on administrative leave during this call and obtained Mrs. Sherrod's "explanation" regarding her remarks.[14] In an email to Secretary Vilsack shortly thereafter, Ms. Cook and her supervisor, Undersecretary for Rural Development Dallas Tonsager, advised the Secretary that Mrs. Sherrod claimed that the "piece of tape shows only one small part of a longer story" and was "about a farmer who came to see her in 1986."[15]

Ms. Cook made three more calls to Mrs. Sherrod that day asking Mrs. Sherrod to resign.[16] Mrs. Sherrod has stated that it was during these calls that Ms. Cook informed her that the White House was demanding her resignation.[17] At 6:55 p.m. that evening, Ms. Cook received Mrs. Sherrod's written resignation by email and forwarded it to Kevin Washo, the USDA's White House liaison, who then sent it to Ms. Harden (who presumably passed it on to Secretary Vilsack).[18]

## ARGUMENT

### A. Krysta Harden and Cheryl Cook Have Relevant Information Concerning the Claims and Defenses in this Case and their Depositions Will Further the Orderly and Efficient Disclosure of Information

There is no question that Ms. Harden and Ms. Cook were intimately involved in the events surrounding Mrs. Sherrod's resignation, including as conduits of information to and from

---

[13] FOIA_001345; Compl. at ¶¶ 74-77.
[14] FOIA_001345; Compl. at ¶¶ 74-77.
[15] FOIA_000847.
[16] FOIA_001345; Compl. at ¶¶ 74-77.
[17] Transcript, CNN Newsroom with Tony Harris, July 20, 2010 ("I had at least three calls telling me the White House wanted me to resign … and the last one asked me to pull over to the side of the road and do it."); *see also* Sherrod Book at Ch. 1 ("The White House wants you to pull over.").
[18] FOIA_000826; FOIA_001345; Compl. at ¶¶ 74-77; Defendant Larry O'Connor's Sealed Motion for Leave to File Document Under Seal [Dkt. No. 118] at Ex. A-3. Documents produced by Mrs. Sherrod also demonstrate that after July 19, 2010 Mrs. Sherrod continued to commiserate with Ms. Cook by email about her forced resignation.

5

Secretary Vilsack. Ms. Harden was physically present with the Secretary when the Blog Post was first published and the USDA was addressing the situation involving Mrs. Sherrod. Ms. Harden expressly stated in emails that she would present information to the Secretary about Mrs. Sherrod's speech and she would "talk to the Secy" about it.[19] Other staffers asked her to "keep us posted on his reaction."[20] As for Ms. Cook, on more than one occasion before Mrs. Sherrod's resignation she heard Mrs. Sherrod's "side" of the story and passed that information along to her superiors, including Secretary Vilsack.[21] As explained further in the briefing on Secretary Vilsack's deposition, that information from Mrs. Sherrod (provided to the Secretary through Ms. Cook) is critical because it breaks the causal chain that Mrs. Sherrod must establish – *i.e.*, that it was alleged inaccuracies in the Blog Post (not some other reason) that caused her forced resignation.[22]

Furthermore, their depositions will assist in the efficient and orderly disclosure of evidence in the case. Their testimony will likely help narrow issues that need to be addressed in Secretary Vilsack's deposition. Because neither Ms. Harden nor Ms. Cook is a Cabinet Secretary, the issues raised by the Government in seeking to quash Secretary Vilsack's deposition do not apply here.[23] Proceeding with their depositions now will avoid further discovery delays.

---

[19] FOIA_000912.
[20] FOIA_000912.
[21] FOIA_000847.
[22] *See Schoen v. Wash. Post*, 246 F.2d 670, 672 (D.C. Cir. 1957) (there is "no doubt" that a defamation plaintiff must show that her harm "was the natural and proximate consequence of the alleged inaccuracies contained in the article, and not the result of other causes[.]").
[23] *See* Defendant Larry O'Connor's Memorandum of Points and Authorities in Opposition to Motion of the United States to Quash Certain Subpoenas Issued to the Secretary of Agriculture [Dkt. 120] at 11.

### B. The USDA Should Be Required to Produce the Emails of Key Headquarters Staff that are Responsive to the Same Search Terms Used to Search Secretary Vilsack's Email

There is no question that the email communications by and among key USDA staffers contain important information about Mrs. Sherrod, her speech, the Blog Post, and communications with Secretary Vilsack. This information is therefore directly relevant to claims and defenses in this case and, unlike earlier in the case, the Government now has shown that it can make a timely document production at minimal burden.

As counsel for the Government has represented to the Court, the USDA has loaded the emails onto its e-discovery platform. Thus, it is in a position to easily search the headquarters emails using the same search terms that were employed when searching Secretary Vilsack's emails. In fact, it already has produced some of the emails from these individuals when it made the production of the Secretary's email.[24] To further avoid any claim of burden by the Government, Defendants are willing at this time to restrict this search to the email accounts of just six employees – Ms. Harden, Ms. Cook, Mr. Tonsager, Mr. Washo, Ms. Jett, and USDA Communications Director Chris Mather. All of these individuals were directly involved in communications concerning Mrs. Sherrod's resignation, including communications that ultimately reached Secretary Vilsack.

Production of these emails will provide a more complete picture of the events as they transpired during the critical time period of July 19 through July 22, 2010. It will also assist the parties in focusing questioning during the deposition of Secretary Vilsack, as well as the other depositions – and may allow the parties to forgo other depositions of government employees

---

[24] Without prodding from the parties, USDA already produced certain emails from headquarters staff in the production earlier this month that it believed supported its contention that Secretary Vilsack did not receive certain other emails. The Government should not be permitted to cherry pick which emails it produces. It should be required to make a complete production.

altogether.  While the Government brings the issue of Secretary Vilsack's deposition to the Court of Appeals, there is no reason why it cannot run the simple searches and produce emails of the six key employees referenced above.

## **CONCLUSION**

For the foregoing reasons, the Court should (1) enforce the subpoenas *ad testificandum* issued to Krysta Harden and Cheryl Cook and order that they appear for deposition within 21 days of the order of the Court; and (2) require the Government to search the email accounts of USDA employees Krysta Harden, Cheryl Cook, Dallas Tonsager, Kevin Washo, Carole Jett and Chris Mather using the search terms previously used to search Secretary Vilsack's emails, and produce documents responsive to the search within 14 days.

DATED:   June 16, 2014

                                            BAKER & HOSTETLER LLP

By:   */s/ Mark I. Bailen*
      Bruce W. Sanford (356568)
      Bruce D. Brown (457317)
      Mark I. Bailen (459623)
      Elizabeth A. Scully (466918)
      BAKER & HOSTETLER LLP
      1050 Connecticut Ave. NW, Suite 1100
      Washington, DC 20036
      Tel:  202-861-1500
      Fax:  202-861-1783
      bsanford@bakerlaw.com
      bbrown@bakerlaw.com
      mbailen@bakerlaw.com
      escully@bakerlaw.com

*Attorneys for Defendant Larry O'Connor*