**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SHIRLEY M. SHERROD,** | ) | **No. 1:11-cv-00477-RJL** |
| **Plaintiff,** | ) | |
| **v.** | ) | **OPPOSITION OF THE UNITED STATES TO THE MOTION OF DEFENDANT O'CONNOR FOR AN ORDER REQUIRING THE PRODUCTION OF CERTAIN DOCUMENTS AND DEPOSITION WITNESSES** |
| **SUSANNAH BREITBART, *et al.*,** | ) | |
| **Defendants.** | ) | |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................................1

STATEMENT OF FACTS ......................................................................................................1

ARGUMENT: DEFENDANT O'CONNOR IS NOT ENTITLED TO THE DOCUMENTS OR DEPOSITION TESTIMONY FOR WHICH HE HAS MOVED BECAUSE HE HAS NOT DEMONSTRATED THAT EITHER IS LIKELY TO HELP HIM SHOW THAT SOMETHING OTHER THAN THE PUBLICATION OF THE BLOG POST WAS THE CAUSE FOR PLAINTIFF'S DISMISSAL......................................................................................................5

CONCLUSION.......................................................................................................................8

## TABLE OF CASES

**Page**

*Bastin v. Fed. Nat'l Mortgage Ass'n*, 104 F.3d 1392 (D.C. Cir. 1997)......................................5, 7

*Brewer v. Holder*, 2013 WL 5397841 (D.D.C. Sept. 27, 2013).....................................................5

*Cuomo v. Clearing House Ass'n*, 557 U.S. 519 (2009)...................................................................5

*Reshard v. Lahood*, 358 F. App'x 196 (D.C. Cir. 2009)................................................................5

*Stevo v. Frasor*, 662 F.3d 880 (7th Cir. 2011)..................................................................................7

*United States v. Kellogg Brown & Root Serv., Inc.*, 284 F.R.D. 22 (D.D.C. 2012)........................5

**TABLE OF DOCKET ENTRIES**

| | |
|---|---|
| ECF No. 1-2 | Complaint (Feb. 11, 2011) |
| ECF No. 37 | Answer of Defendant Andrew Breitbart (Aug. 11, 2011) |
| ECF No. 38 | Answer of Defendant Larry O'Connor (Aug. 11, 2011) |
| ECF 89 | Status Conference Memorandum of the United States (Feb. 20, 2014) |
| ECF No. 89-2 | USDA Transcript, Rel. No. 0421.10 (Aug. 24, 2010) |
| ECF No. 89-3 | Statement of Secretary of Agriculture Tom Vilsack (July 20, 2010) |
| ECF No. 89-4 | USDA Transcript, Rel. No. 0383.10 (July 21, 2010) |
| ECF No. 93-8 | Same as ECF No. 89-2 |
| ECF No. 111-2 | USDA Rural Development-About RD, http://www.rurdev.usda.govAboutRD.html (accessed Feb. 5, 2014) |
| ECF No. 117 | Motion of the United States to Quash Certain Deposition Subpoenas Issued to the Secretary of Agriculture (May 23, 2014) |
| ECF No. 117-10 | Standard Form 50, Sherrod, Shirley M. (Aug. 17, 2009) |
| ECF No. 117-11 | Larry O'Connor's Notice of Subpoena for Deposition to the Honorable Thomas J. Vilsack (May 13, 2014) |
| ECF No. 117-12 | Shirley Sherrod Subpoena to Thomas James Vilsack (May 13, 2014) |
| ECF No. 121-1 | Status Conference Transcript (May 27, 2014) |
| ECF No. 122-5 | Same as ECF No. 89-2 |
| ECF No. 123 | Memorandum Opinion (June 9, 2014) |
| ECF No. 124 | Order (June 9, 2014) |
| ECF No. 127-1 | Memorandum of Points and Authorities in Support of Defendant Larry O'Connor's Motion to Enforce the Deposition Subpoenas to Krysta Harden and Cheryl Cook and Require Production of Certain USDA Headquarters Emails (July 16, 2014) |
| ECF No. 131-1 | Same as ECF No. 89-4 |

ECF No. 132-1 Order (D.C. Cir.) (June 18, 2014)

**TABLE OF EXHIBITS**

| | |
|---|---|
| Ex. A | Letter Ravoyne Payton to Peter Nicholas (Feb. 24, 2012) |
| Ex. B | Letter Ravoyne Payton to Shirley Sherrod (Feb. 23, 2012) |
| Ex. C | Letter Mark I. Bailen to David Glass (Dec. 2, 2013) |
| Ex. D | Letter David M. Glass to Peter A. Farrell (May 27, 2014) |
| Ex. E | Larry O'Connor Subpoena to Krysta Harden (May 14, 2014) |
| Ex. F | Larry O'Connor Subpoena to Cheryl Cook (May 14, 2014) |
| Ex. G | Status Conference Transcript (May 19, 2014) |
| Ex. H | Letter David M. Glass to Beth A. Williams (June 6, 2014) |

## PRELIMINARY STATEMENT

Defendant Larry O'Connor believes he can avoid liability in this action by showing that plaintiff Shirley M. Sherrod was dismissed from her position at the U.S. Department of Agriculture (USDA) for some reason other than the publication of a certain blog post depicting her as a racist. ECF No. 127-1 at 6.[1] To try to make that showing, defendant O'Connor has moved for an order requiring USDA to produce certain additional documents and to produce Krysta Harden, Deputy Secretary of Agriculture, and Cheryl Cook, Chief Information Officer, USDA, for depositions. His motion should be denied. Defendant O'Connor is not entitled to the documents or deposition testimony for which he has moved because he has not demonstrated that either is likely to help him show that something other than the publication of the blog post was the cause for plaintiff's dismissal.

## STATEMENT OF FACTS

On August 17, 2009, plaintiff became the State Director of USDA Rural Development for Georgia and, thus, a Schedule C employee of USDA. ECF No. 1-2 ¶¶ 22; ECF No. 111-2 at 1, ECF No. 117-10. On March 27, 2010, she gave a speech to the National Association for the Advancement of Colored People (NAACP). ECF No. 38 ¶ 25. On July 19, 2010, defendant Andrew Breitbart published a blog post containing a video of a portion of plaintiff's speech. ECF No. 37 ¶¶ 2, 3, 30. Slides introducing the video described plaintiff as admitting in her speech that "[s]he discriminate[d] against people due to their race" in her "federally appointed position." *Id.* ¶¶ 32, 36-37.

---

[1] A table of docket entries cited in this memorandum appears at p.iii, *supra.*

On that same day, FoxNews.com published a report saying: "[A] video has surfaced showing an Agriculture Department official regaling an NAACP audience with a story about how she withheld help to a white farmer facing bankruptcy." ECF No. 38 ¶ 70. Other media outlets published similar reports that day, *id.*, and Thomas J. Vilsack, Secretary of Agriculture, asked for and accepted plaintiff's resignation after seeing a transcript of the video. ECF No. 89-3; ECF No. 89-4 at 2. Ms. Harden was on travel with Secretary Vilsack at the time he took those actions; Ms. Harden's position at the time was that of Assistant Secretary of Agriculture for Congressional Relations. ECF No. 127-1, att. A, FOIA_000912. Ms. Cook sought and obtained the resignation of plaintiff on behalf of Secretary Vilsack; Ms. Cook's position at the time was that of Deputy Undersecretary of Agriculture for Rural Development. ECF No. 1-2 ¶¶ 74-77.

On the following day, "the NAACP released the full video of Plaintiff's speech." ECF No. 38 ¶ 80. Re-evaluating his position after seeing the "full transcript" of the speech, Secretary Vilsack telephoned plaintiff on July 21, 2010, apologized, and discussed with her the possibility of her returning to USDA. ECF No. 89-2 at 3; ECF No. 89-4 at 1.

On February 11, 2011, plaintiff commenced this action for defamation, false light invasion of privacy, and intentional infliction of emotional distress against defendant Breitbart, defendant O'Connor, and defendant John Doe. ECF No. 1-2, ¶¶ 1-2. Susannah Breitbart, the widow of defendant Breitbart, was added as a defendant by minute entry dated October 16, 2013. Plaintiff alleges in this action that she was "forced to resign from her job after [d]efendants ignited a media firestorm [about her]" and that "[d]efendants drew false support for their claims from a speech given by [plaintiff] that they edited, deceptively, to create the appearance that [plaintiff] was admitting present-day racism." *Id.* ¶ 1.

On October 5, 2010, and February 24, 2012, USDA responded to certain requests under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by producing, with redactions, a total of 2,864 pages of emails pertaining to plaintiff for the period July 15-23, 2010. *See* Ex. A at 1.[2] A set of the emails was produced to plaintiff on February 23, 2012. Ex. B. Defendant O'Connor obtained a set of the emails on or before December 2, 2013. *See* Ex. C. A set of the emails containing fewer redactions was produced on May 27, 2014, to each of the parties in this action. *See* Ex D at 1.

On February 20, 2014, the United States filed as exhibits in this action the statement, dated July 20, 2010, in which Secretary Vilsack discussed the dismissal of plaintiff from her position at USDA and the transcripts of the press conferences dealing with plaintiff that he held on July 21 and August 24, 2010. ECF No. 89-2; ECF No. 89-3; ECF No. 89-4. Secretary Vilsack explains in these documents why he took the actions that he did with respect to plaintiff. ECF No. 89-2 at 3; ECF No. 89-3; ECF No. 89-4 at 2. On March 3 and June 5, 2014, defendant O'Connor filed as an exhibit of his own the transcript of the press conference dealing with plaintiff that Secretary Vilsack held on August 24, 2010. ECF No. 93-8; ECF No. 122-5. On June 20, 2014, defendant O'Connor filed as an exhibit of his own the transcript of the press conference dealing with plaintiff that Secretary Vilsack held on July 21, 2010. ECF No. 131-1.

On May 13, 2014, plaintiff and defendant O'Connor issued deposition subpoenas to Secretary Vilsack. ECF No. 117-11; ECF No. 117-12. On May 14, 2014, defendant O'Connor issued deposition subpoenas to Ms. Harden and Ms. Cook. Ex. E; Ex. F. At a status conference held on May 19, 2014, the Court advised the United States against moving at that time to quash

---

[2] References to exhibits are to the exhibits to this memorandum. A table of exhibits appears at p.v, *supra*.

the deposition subpoenas issued to Ms. Harden and Ms. Cook because "the focus should be on the Secretary. It is his action. He has publicly stated he is the one who made the decision." Ex. G at 17:7-10.

On May 23, 2014, the United States moved to quash the deposition subpoenas issued to Secretary Vilsack. ECF No. 117. On June 6, 2014, the United States produced to the parties at the direction of the Court documents for the period July 19-21, 2010, that USDA had retrieved from the email accounts of Secretary Vilsack using certain search terms to which the parties had agreed, other than any such documents dealing with Sherrod Brown. Ex. H at 1-2.

By order dated June 9, 2014, the Court denied the motion of the United States to quash the deposition subpoenas issued to Secretary Vilsack. ECF No. 124. On June 17, 2014, the United States filed a petition with the court of appeals asking it to issue a writ of mandamus directing this Court to quash those subpoenas. By order dated June 18, 2014, the court of appeals established a briefing schedule for the above petition that directs the United States to file its reply in support of the petition by July 10, 2014. ECF No. 132-1.

By motion dated June 16, 2014, defendant O'Connor asked this Court to require USDA to search the email accounts of Ms. Harden, Ms. Cook, and four former employees of USDA for the period July 19-21, 2010, using the same search terms it had used to search the email accounts of Secretary Vilsack. ECF No. 127-1 at 2, 8. By the same motion, defendant O'Connor asked the Court to require USDA to produce the documents it retrieved through that search within 14 days of the order requiring it to conduct the search and to produce Ms. Harden and Ms. Cook for depositions within 21 days of the order. *Id.*

## ARGUMENT

**DEFENDANT O'CONNOR IS NOT ENTITLED TO THE DOCUMENTS OR DEPOSITION TESTIMONY FOR WHICH HE HAS MOVED BECAUSE HE HAS NOT DEMONSTRATED THAT EITHER IS LIKELY TO HELP HIM SHOW THAT SOMETHING OTHER THAN THE PUBLICATION OF THE BLOG POST WAS THE CAUSE FOR PLAINTIFF'S DISMISSAL.**

A "fishing expedition" is a request for discovery that "violates the limits on discovery required by Rule 26(b)(2)(C)" because it is "unlikely to yield much directly relevant information." *United States v. Kellogg Brown & Root Serv., Inc.*, 284 F.R.D. 22, 38 (D.D.C. 2012). A party engages in a fishing expedition when he or she seeks to establish a particular contention through discovery but is "unable to offer anything but rank speculation to support [the contention]." *Bastin v. Fed. Nat'l Mortgage Ass'n*, 104 F.3d 1392, 1396 (D.C. Cir. 1997); *see Reshard v. Lahood*, 358 F. App'x 196, 197 (D.C. Cir. 2009) (similarly). Thus, "'[f]ishing expeditions to seek the facts needed to bring a legally sufficient complaint are barred by the pleading clarifications'" of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Brewer v. Holder*, 2013 WL 5397841 (D.D.C. Sept. 27, 2013) (quoting *White v. Hon Co.*, 520 F. App'x 93, 95 (3d Cir. 2013)) (internal quotation marks omitted). "Judges are trusted to prevent 'fishing expeditions.'" *Cuomo v. Clearing House Ass'n*, 557 U.S. 519, 531 (2009). For that reason, "[a] district court does not abuse its discretion when it denies a discovery request that would amount to nothing more than a fishing expedition." *Bastin*, 104 F.3d at 1396.

In this case, Secretary Vilsack has stated publicly that he sought and accepted plaintiff's resignation because of the publication of the blog post. ECF No. 89-2 at 3; ECF No. 89-3. His statements are corroborated by the speed with which he sought and accepted plaintiff's resignation following the publication of the blog post, ECF No. 89-3, and the speed with which

he sought to persuade her to return to USDA after the full video of her speech was released by the NAACP. ECF No. 89-4 at 1. His statements are also corroborated by the fact that he "ha[d] to be understandably sensitive to any type of allegation or information that might suggest that one of his senior officials [was] acting in a racially discriminatory way." ECF No. 121-1 at 22:17-20. His statements are likewise corroborated by the emails that USDA has produced under FOIA. Relying on those emails, defendant O'Connor has provided the following account of the events that occurred at USDA on the day the blog post was published:

> Just after 2:30 p.m. Eastern on July 19, 2010, as news of [plaintiff's] March 27, 2010, speech to a Coffee County, Georgia NAACP audience began to make its way around USDA headquarters, Ms. Harden received an email with a link to a blog post on HotAir.com that referenced Andrew Breitbart's Blog Post and linked to the video embedded in the Blog Post. Ms. Harden immediately responded to the email, advising that the agency should exercise caution: "We need to make sure someone has seen the video. I am quick to jump to conclusions but want to be certain it is what is said to be before I tell the Secy." When the USDA's Director of Communications responded that [he] had reviewed the video, Ms. Harden then replied at 3:16 p.m. that she would "talk to the Secy right after this stop." After speaking with Secretary Vilsack, Ms. Harden told the Secretary's Deputy Chief of Staff Carole Jett that the Secretary ordered [plaintiff] be placed on administrative leave immediately.

ECF No. 127-1 at 3 (footnotes omitted).

Despite the wealth of evidence showing that the blog post was the cause for plaintiff's dismissal, defendant O'Connor moves for an order requiring USDA to search the mailboxes of Ms. Harden, Ms. Cook, and four former employees of USDA for documents pertaining to plaintiff from the period July 19-21, 2010; to produce the results of that search; and, having done so, to produce Ms. Harden and Ms. Cook for depositions. ECF No. 127-1 at 2, 8. His rationales for seeking that relief are that Ms. Harden "was physically present with the Secretary when the Blog Post was first published and the USDA was discussing the situation involving [plaintiff]" and that Ms. Cook "heard [plaintiff's] 'side' of the story" on "more than one occasion before

[her] resignation" and "passed that information along to her superiors, including Secretary Vilsack." *Id.* at 6.

These rationales are unpersuasive. Where, as here, "a party has had an 'adequate opportunity to investigate,'" a request that he or she be permitted to conduct additional discovery "requires something more than the absence of the smoking gun the party was looking for." *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011) (quoting *Searls v. Glasser*, 64 F.3d 1061, 1068 (7th Cir. 1995)). In this case, defendant O'Connor already possesses the public statements in which Secretary Vilsack explained why he took the actions that he did with respect to plaintiff. ECF No. 89-2; ECF No. 89-3; ECF No. 89-4. He also possesses the thousands of pages of emails dealing with plaintiff that USDA has already produced. *See* Ex. D at 1; Ex. H at 1-2. Despite these facts, he has moved for an order requiring USDA to produce emails and other documents from the email accounts of six present or former employees of USDA and, after it does so, to produce Ms. Harden and Ms. Cook for depositions. He is not entitled to any such relief. Because he relies on nothing other than his own "rank speculation" to suggest that the documents and deposition testimony for which he has moved are likely help him show that something other than the publication of the blog was the cause for plaintiff's dismissal, s*ee* ECF No. 127-1 at 6; *Bastin*, 104 F.3d 1396, his motion should be denied as the fishing expedition that it is.[3]

[3] Defendant O'Connor characterizes the documents that he seeks from USDA by means of his motion as the "next set" of documents he expects to receive from it. ECF No. 127-1 at 2. He does not say, however, what other sets of documents he expects USDA to produce. The United States has been prepared throughout its involvement in this case to comply with requests for discovery that were "reasonable and appropriate." *See* ECF No. 89 at 2. It objects, however, to the type of boundless, iterative discovery that defendant O'Connor appears to contemplate.

## CONCLUSION

For the foregoing reasons, the motion of defendant O'Connor for an order requiring USDA to produce certain additional documents and to produce Ms. Harden and Ms. Cook for deposition should be denied.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General
RONALD C. MACHEN
United States Attorney
ARTHUR R. GOLDBERG
Assistant Branch Director, Department of Justice, Civil Division

s/ *David M. Glass*
DAVID M. GLASS, DC Bar 544549
Senior Trial Counsel, Department of Justice, Civil Division
20 Massachusetts Avenue, N.W., Room 7200
Washington, D.C. 20530-0001
Tel: (202) 514-4469/Fax: (202) 616-8470
Email: david.glass@usdoj.gov

Dated: July 3, 2014

Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2014, I served the within memorandum and the exhibits to the memorandum on all counsel of record by filing them with the Court by means of its ECF system.

s/ *David M. Glass*