## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

SHIRLEY SHERROD

          **Plaintiff,**

  **v.**

SUSANNAH BREITBART, *et al.,*

       **Defendants.**

</td><td>

Case No. 1:11-cv-00477
(RJL)

</td></tr>
</table>

## NON-PARTIES BREITBART NEWS NETWORK LLC, BREITBART HOLDINGS, INC., BREITBART.TV LLC, AND BREITBART.COM LLC'S MEMORANDUM REGARDING CHOICE OF LAW QUESTION RAISED BY THE COURT AT THE JULY 28, 2014 HEARING

Non-parties Breitbart News Network LLC, Breitbart Holdings, Inc., Breitbart.tv LLC, and Breitbart.com LLC (collectively the "Breitbart Companies"), by and through its undersigned counsel, and in response to the Court's Order following the July 28, 2014 hearing, respectfully submit this supplemental memorandum regarding the choice of law question raised by the Court at the July 28, 2014 hearing.

## I.    INTRODUCTION

At the July 28, 2014, hearing the Court recognized that state law, not federal law, will govern the Breitbart Companies' assertion of privilege in this matter, that

District of Columbia choice of law rules should be followed to determine which state's privilege laws will apply, and that the law in California on issues of attorney-client privilege differs materially from the law in the District of Columbia.  See, Transcript of July 28, 2014 hearing, at 3:17-4:4.

The Court then requested supplemental briefing on the issue of whether the Court must consider applying the state law that governs the underlying claims in this matter in determining issues of attorney-client privilege:

> Unfortunately, the briefing to date and my research to date has not yet resolved the issue as to where there is a difference of this magnitude which law will be applied under the circumstances.  Is it the law, for example, that would be applied in resolving the substantive dispute, the tort law? Is it the jurisdiction that would be used for that purpose or is it some other jurisdiction for the purpose of privilege claims?

> \*          \*          \*

> I mean each side can submit whatever its thinking is on this particular subject as to whether or not, you know, it can be two different jurisdictions as it relates to these

issues or whether it has to be one jurisdiction to be

consistent, procedural issues versus substantive issues.

*Id.*, at 4:5-11; 6:6-10.

As explained below, the two are not related; rather, the privilege choice of law question should be decided separately and independently from the "tort" choice of law question. Although not the case here, in some cases a district court sitting in diversity will end up applying the law of one state to a particular set of issues and the law of a different state to the merits of claims in dispute.[1]

## II.    LEGAL ANALYSIS

### A.    Each Substantive Issue – Whether Relating to Assertions of Privilege or the Merits of Plaintiff's Tort Claims – Should Be Analyzed Separately To Determine Which State Law Applies.

The Court can and should apply California law in deciding whether a third party properly has determined that certain communications are protected from disclosure pursuant to the attorney client privilege or attorney work product

---

[1] For the reasons stated herein, the determination of which state's law governs the parties' claims and defenses has no bearing on the determination of which state's law governs the privilege assertions by the Breitbart Companies. Nonetheless, even if the law were otherwise such that the choice of law for the Breitbart Companies' privilege assertions follows the choice of law for the parties' claims and defenses, D.C. law still would not govern the Breitbart Companies' privilege assertions. This is because California has the far more "substantial interest" than D.C. in the resolution of the parties' claims and defenses. The sole connection to D.C. appears to be that Plaintiff's former employer, the USDA, has its headquarters in D.C., but that is not where Plaintiff resided, and the blog post at issue was published from California, where Defendants resided.

doctrine.  Moreover, the Court can and should reach this conclusion without regard to whether the law of California or some other state will need to be applied at summary judgment or at trial to adjudicate Plaintiff's claims for relief.  In each instance, the Court should conduct an independent choice of law analysis, even if the results differ.

This principle, that each issue's law should be analyzed separately, was articulated in an airplane crash case venued in the D.C. District Court:

Modern choice of law analysis regards an examination not simply of the various states' interests generally, but of their interests regarding the various distinct issues to be adjudicated. This is the concept of "dépeçage," and has been followed in other air crash cases. [Citations.] The issues to be resolved at the consolidated trial, as noted above, include the questions of the defendants' liability for compensatory damages (in other words, whether their conduct created tort liability) and their liability for punitive damages. Within the question of liability for compensatory damages are the sub-issues of negligence, of whatever products liability lies on the part of Boeing, and of the method of apportioning liability or determining

contribution among the defendants.

*In re Air Crash Disaster at Washington, D.C.,* 559 F. Supp. 333, 341 (D.D.C

1983).  That Court then proceeded to apply choice of law analysis to each of the

sub-issues, concluding that a variety of states' laws applied to the different issues.

This approach was favorably cited by the D.C. Court of Appeals two years later in

an action brought by minors injured at a transformer substation.  *Estrada v.*

*Potomac Electric Power Company*, 488 A.2d 1359, 1361 (D.C.App. 1985)

("Choice of law involves examination not simply of various state interests

generally, but of their interests regarding the various distinct issues to be

adjudicated.").

Two reported decisions arising from the *Independent Petrochemical*

*Corporation* case provide a good example of choice of law analysis as to privilege

assertions being independently conducted.   In the first decision, the District Court

judge had already concluded that Missouri law applied to the "trigger of coverage"

issue in an insurance coverage dispute, but then proceeding to conduct a separate

choice of law analysis as to which state's law governed the "nondisclosure" issue,

and concluded that Florida's law should apply.  *Independent Petrochemical Corp.*

*v. Aetna Casualty & Surety Co.,* 674 F. Supp. 354, 356 (D.D.C 1987) ("Courts are

not bound to decide all issues under the local law of a single state; rather, each

issue is to receive separate consideration." ).  A magistrate judge considering an

accountant-client privilege issue in the same case conducted yet another choice of law analysis as to which state's law should govern the assertion of privilege, again noting that:  "[T]he laws of different States may apply in this case depending on the precise issue being adjudicated. [Citation.]"  *Independent Petrochemical Corp. v. Aetna Casualty & Surety Co.,* 117 F.R.D. 292, 296-7 (D.D.C 1987).

Indeed, different choice of law analysis has been applied in a D.C. District Court at the granular level of individual document requests.  See, *Kuhn and Kogan, Chtd. v. Jeffrey C. Mensh & Assoc., Inc.,* 77 F.Supp.2d 52, 55 (D.D.C. Oct 28, 1999).

Hence, the choice of law analysis as to non-party Breitbart Companies' assertion of privilege should be analyzed independently of the choice of law analysis pertaining to the underlying "tort" claim because these issues are distinct: the law pertaining to attorney client privilege and the facts that pertain to the resolution of the privilege assertion may point to different state's law being applied in the same case.

## B.    California Law Governs the Breitbart Companies' Assertions of Privilege and Work Product

As previously briefed, under the Federal Rules of Evidence and applicable choice of law principles, challenges to the Breitbart Companies' claims of

privilege and work product should be determined according to California law.

The starting point of the analysis is Federal Rule of Evidence 501, which provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Fed. R. Evid. 501.

Accordingly, pursuant to Rule 501, "with respect to an element of a claim or defense as to which State law supplies the rule of decision," matters of privilege are to "be determined in accordance with State law." Fed. R. Evid. 501. This "proviso" has consistently been interpreted as requiring application of state privilege law in diversity based actions under the *Erie* Doctrine. *Eureka Inv. Corp., N.V. v. Chicago Title Ins. Co.*, 743 F.2d 932, 937 (D.C. Cir. 1984); *see also 2 Paul R. Rice & John B. Corr, Attorney-Client Privilege in the U.S.* § 12:16 (2010); Fed. R. Evid. 501, Advisory Committee Notes ("The proviso is designed to require the application of State privilege law in civil actions and proceedings governed by *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)").

Here, the court's jurisdiction over common law defamation and false light claims is premised solely on diversity; no federal claims are involved.  ECF No. 1-2.  Where, as here, a court's jurisdiction is premised on diversity, the applicable choice of law rules are those of the forum state. *See Eli Lilly & Co. v. Home Ins. Co.*, 764 F.2d 876, 882 (D.C. Cir. 1985); *Flemming, Zulack and Williamson, LLP v. Dunbar*, 549 F.Supp.2d 98, 105 (D.D.C. 2008).  Thus, to determine which state's law to apply to the claims of privilege at issue in this case, the court must look to the District of Columbia's choice of law rules.

Under D.C. law, the first step in a choice of law analysis requires that a court determine whether there is any conflict among the potentially applicable legal standards.  Only if the potentially applicable standards are in conflict does a court apply D.C.'s choice of law rules to determine which standard(s) govern the case. *See Eli Lilly & Co*, 764 F.2d at 882; *Dunbar*, 549 F.Supp.2d at 105.   If a conflict exists, D.C. law provides that the law of the jurisdiction having the "'more substantial interest' in the resolution of the issues" will govern.  *See Eli Lilly & Co*, 764 F.2d at 882; *Dunbar*, 549 F.Supp.2d at 105; *Owen v. Owen*, 427 A.2d 933, 937 (D.C. App .1981).

In this case, as recognized by the Court at the July 28, 2014 hearing, there is a conflict with respect to the California state law analysis and the D.C. state law

analysis under which the Breitbart Companies' assertions of attorney-client privilege and work product doctrine will be evaluated.  Specifically, California state law applies a more protective standard in determining whether a communication with in-house counsel is privileged.  California law applies the "dominant purpose of the relationship" test.  *See McAdam v. State Nat. Ins. Co., Inc.,* No. 12–cv–1333 BTM–MDD, 2014 WL 1154274, at **3-4 (S.D. Cal. Mar. 21, 2014); *Costco Wholesale Corp. v. Superior Court*, 219 P.3d 736, 745-46 (Cal. 2009).  In contrast, District of Columbia law does not dictate that courts apply such a "dominant purpose of the relationship" test to determine whether communications with in-house counsel are privileged.  As noted by the Court, this creates a situation where "California law on the issue of privilege and how attorney-client privilege is applied is very different than D.C. law."  Transcript, at 4:2-4.

Because a conflict exists between the laws of California and the District of Columbia, the Court must undertake the second step of the District of Columbia choice-of-law analysis in order to determine which law has the "more substantial interest in the resolution of the issues."  Here, the state of California has the overwhelming substantial interest in the resolution of these issues for the following reasons.  First, the Breitbart Companies are (and were at the time) located and headquartered in California.  Second, Mr. Breitbart and Mr. Solov, the client and

attorney (respectively) on the majority of the communications at issue also were, at the time the communications took place, located in California.  Third, Mr. Solov is and was at the time an attorney licensed to practice in the State of California and he provided legal advice to his client pursuant to California law.[2]  Fourth, at the time Mr. Solov provided legal advice to his client, no action had been filed by the Plaintiff and neither Mr. Solov nor the Breitbart Companies reasonably could have expected Plaintiff to file in the District of Columbia where she neither worked nor resided when the alleged defamatory statements were published.  Finally, Mr. Solov, Mr. Breitbart and others at the Breitbart Companies who engaged in the communications at issue did so with the understanding and expectation that their discussions were privileged and confidential and thus not subject to discovery under California law should litigation ensue.

On these facts, California has the greater interest in the resolution of the issues in this matter.  *See Dunbar*, 549 F.Supp.2d 98 at 106-07 (finding that the state of New York had a greater interest in the resolution of the issues and thus New York law applied where attorney was contacted in and agreed to be local counsel in New York and attorneys performed all of their work in New York); *Kuhn and Kogan, Chtd. v. Jeffrey C. Mensh & Assoc., Inc.*, 77 F.Supp.2d 52, 54-55 (D.D.C. 1999) (finding that the jurisdiction in which the client resides has a strong

---

[2] Mr. Solov is not a member of the DC bar.

interest in having its law govern a privilege dispute because the privilege attaches to the client); *Owen*, 427 A.2d at 937 (finding that the state of Maryland had the "more substantial interest in the resolution of the issues" and thus Maryland law applied where the agreement at issue was made by Maryland residents in Maryland and concerned real estate situated in that state).

## III.   CONCLUSION

As described above, each substantive issue to be resolved by the Court is subject to a separate choice of law analysis, meaning that the state law to be applied to the privilege issues need not be the same the state law applied to the merits of the claims for relief.  Hence, the Court should apply California law as to the pending privilege issues without concern that this would impact in any way which state's law the Court will apply to the merits of the claims for relief.

Respectfully Submitted,

/s/ Daniel Z. Herbst_____
Eric A. Dubelier (Bar. No. 419412)
Daniel Z. Herbst (Bar. No. 501161)
REED SMITH LLP
1301 K Street NW
Suite 1100 – East Tower
Washington DC 20005
Telephone: (202) 414-9200
Facsimile: (202) 414-9299
edubelier@reedsmith.com
dherbst@reedsmith.com

*Attorneys for Non-parties Breitbart*
*News Network LLC, Breitbart*
*Holdings, Inc., Breitbart.Tv LLC,*
*Breitbart.Com LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 18th day of August 2014, copies of Non-Parties

Breitbart News Network LLC, Breitbart Holdings, Inc., Breitbart.Tv LLC, Breitbart.Com LLC's

Supplemental Brief Regarding Choice of Law Question Raised By The Court At The July 28,

2014 Hearing was served via CM/ECF, upon all counsel of record.


                                              <u>  /s/ Daniel Z. Herbst        </u>
                                               Daniel Z. Herbst